**Rickey D. HUNLEY, Sr., Appellee,**

v.

**SPRINT UNITED MANAGEMENT CO., Appellant.**

No. 01–1187.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 2001.

Filed Oct. 30, 2001.

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

PER CURIAM.

Sprint United Management Co. employed Rickey D. Hunley, Sr. as a supervisor. After Hunley allegedly kissed another employee in a stairwell, she complained of retaliation in the form of increased scrutiny by Hunley. Sprint then terminated Hunley's employment, and Hunley, who is black, brought a race discrimination action against Sprint. A jury returned a verdict in Hunley's favor and awarded him actual damages of $332,309 and punitive damages of $1.3 million. The district court denied Sprint's motion for judgment as a matter of law (JAML) and a new trial, and awarded Hunley attorneys fees and costs.

On appeal, Sprint argues the district court should have granted its motion for JAML because there was insufficient evidence of race discrimination. After viewing the evidence in the light most favorable to Hunley, we conclude a reasonable juror could have found Sprint intentionally discriminated against Hunley on the basis of race, and thus the district court properly denied Sprint's motion for JAML. *See Denesha v. Farmers Ins. Exch.*, 161 F.3d 491, 497 (8th Cir.1998) (standard of review). Hunley established both a prima facie case of discrimination and that Sprint's stated reason for terminating Hunley's employment was a pretext to hide unlawful race discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (plaintiff's burden of proof). Hunley's evidence showed Sprint's human resources manager caused Hunley's termination by supplying false information to the decision maker, by withholding information exonerating Hunley, by refusing to interview Hunley's witnesses, by recommending Hunley's firing before the investigation was complete, and by fabricating a meeting to create the false impression that Hunley was treated fairly. The evidence also showed the human resources manager treated Hunley more harshly than white employees in comparable situations. Contrary to Sprint's assertion, the district court did not abuse its discretion in admitting Hunley's evidence of comparable cases, *Scott v. County of Ramsey*, 180 F.3d 913, 917–18 (8th Cir. 1999), but even if it did, the other evidence sufficiently supports the finding of dis-

**534**

crimination, *see Young v. Warner–Jenkinson Co.*, 152 F.3d 1018, 1022 (8th Cir.1998) (disparate treatment is not the only way to show discrimination).

■ Similarly, the district court did not abuse its discretion in refusing to grant a new trial. We cannot say the verdict was against the great weight of the evidence so that a new trial is necessary to avoid a miscarriage of justice. *See Denesha,* 161 F.3d at 497. As discussed in the preceding paragraph, the district court did not abuse its discretion in admitting evidence of comparable cases. Sprint did not raise its argument about the burden of proof instruction in the district court, but this argument is without merit at any rate because the instructions considered as a whole accurately stated the law.

■ Finally, Sprint challenges the punitive damages awarded to Hunley under the Missouri Human Rights Act (MHRA). For punitive damages to be submitted to a jury, a plaintiff must produce "sufficient evidence for a reasonable finding in [his] favor." *Equal Employment Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 556 (8th Cir.1998). To receive punitive damages under the MHRA, the plaintiff must show actual outrageousness, that is, a "culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act or reckless disregard (from which evil motive is inferred) for an act's consequences." *Burnett v. Griffith,* 769 S.W.2d 780, 787 (Mo.1989) (en banc) (footnote omitted); *see also Nelson v. Boatmen's Bancshares, Inc.*, 26 F.3d 796, 804 (8th Cir.1994) (applying the *Burnett* standard). Although Hunley's circumstantial evidence was sufficient to support a finding that discrimination occurred and compensatory damages should be awarded, the evidence was not sufficient to support a finding of actual outrageousness. *See Browning v. President Riverboat Casino–*

*Missouri, Inc.*, 139 F.3d 631, 635–37 (8th Cir.1998) (affirming a finding of intentional racial discrimination but holding that insufficient evidence prevented the submission of punitive damages to the jury under Missouri law).

We thus reverse the punitive damages award, *see Nelson,* 26 F.3d at 804, but affirm in all other respects.